1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7            EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| ENJOY THE CITY NORTH, INC. and ENJOY THE CITY, INC.,<br><br>                Plaintiffs,<br><br>       v.<br><br>JEFF STRANGER and JEFF STRANGER d/b/a J.L.S. ENTERPRISES and Z BEST DINING & ENTERTAINMENT,<br><br>                Defendants. | 1:08-cv-1899 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 8/31/09<br><br>Non-Dispositive Motion Filing Deadline: 9/15/09<br><br>Dispositive Motion Filing Deadline: 9/30/09<br><br>Settlement Conference Date: None<br><br>Pre-Trial Conference Date: 12/7/09 11:00 Ctrm. 3<br><br>Trial Date: 1/20/10 9:00 Ctrm. 3 (JT-5 days) |

21  I.   Date of Scheduling Conference.

22       January 16, 2009.

23  II.  Appearances Of Counsel.

24       Boutin Gibson Di Giusto Hodell Inc., by Michael E. Chase,

25  Esq., appeared on behalf of Plaintiff.

26       There was no appearance on behalf of Defendant.

27  III. Summary of Pleadings.

28       1.   Plaintiffs are Enjoy the City North, Inc., a New York

1

1 corporation with its principal place of business in Binghamton,

2 New York; and Enjoy the City, Inc., a New York corporation with

3 its principal place of business in Birmingham, Alabama.

4     2.   Defendants are Jeff Stranger, an individual who resides

5 in California, and J.L.S. Enterprises and Z Best Dining &

6 Entertainment, both of which are fictitious business names used

7 by defendant Jeff Stranger.

8     3.   Plaintiff's First Amended Complaint alleges that

9 Plaintiffs are the owners of certain registered trademarks which

10 Defendants used for their financial gain without Plaintiffs'

11 permission.  Plaintiffs produce, create, and distribute a

12 discount coupon book known as the Enjoy the City Book.  Defendant

13 Jeff Stranger is a former distributor of Plaintiffs in various

14 markets in California.  The First Amended Complaint alleges that

15 Defendants created a new entity which directly competed with

16 Plaintiffs' business, in violation of the parties' distributor

17 agreements.  The First Amended Complaint contains the following

18 claims for relief: Trademark Infringement under 15 U.S.C.

19 § 1114(1); False Designation of Origin under 15 U.S.C. § 1125(a);

20 Trademark Dilution under 15 U.S.C. § 1125(c); Trademark Dilution

21 under New York Gen. Bus. Law § 360-I; Trademark Infringement

22 under New York Gen. Bus. Law § 360-k; Trademark Infringement and

23 Unfair Competition under State Common Law; Deceptive Acts and

24 Practices under New York Gen. Bus. Law §§ 349-350; Common Law

25 Palming Off; Breach of Contract (monetary damages); Breach of

26 Contract (Non-Compete Provision); Common Law Misappropriation of

27 Proprietary Information; and Violation of California's Unfair

28 Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

1        4.    Defendants have filed a Counterclaim alleging that

2    Plaintiffs materially breached the distributor agreements by not

3    providing discount books with a sufficient number of prominent

4    merchants and by failing to deliver books in a timely manner.

5    Defendants seek money damages allegedly suffered as a result of

6    Plaintiffs' breaches.  Defendants allege that the amount of

7    damages is not yet determined.

8        5.    This action was previously pending in the United States

9    District Court for the Northern District of New York prior to

10   being transferred to this Court.  While the action was pending in

11   New York, Plaintiffs moved for a preliminary injunction which

12   would prevent Defendants from, inter alia, using any documents of

13   any form containing the words "Enjoy the City" or Enjoy the City

14   logos.  Defendants stipulated to that portion of the relief.

15   Accordingly, the District Court in New York entered an Order

16   granting Plaintiffs' motion for preliminary injunction to the

17   extent that Defendants are preliminarily enjoined from using any

18   documents of any form containing the words "Enjoy the City" or

19   the Enjoy the City logos.

20   IV.   Orders Re Amendments To Pleadings.

21        1.    Plaintiffs are currently pursuing discovery from a non-

22   party called Profit Specialties, an entity of form unknown, to

23   ascertain whether it unfairly and unlawfully competed with

24   Plaintiffs through actions in concert with Defendants.

25   Plaintiffs anticipate discovery obtained from profit Specialties

26   will be completed by January 30, 2009.  Plaintiffs request that

27   the Court allow Plaintiffs to file a motion to further amend the

28   Complaint to add Profit Specialties as a defendant, which motion

3

1  would be filed no later than February 13, 2009.

2       2.   Plaintiffs anticipate adding an additional party

3  defendant.  Based on objections by that potential defendant, time

4  to join that party shall extend through and including March 18,

5  2009.

6  V.   Factual Summary.

7       A.   Admitted Facts Which Are Deemed Proven Without Further

8  Proceedings.

9            1.   Plaintiff, Enjoy the City North, Inc., is a New

10 York corporation with its principal place of business in

11 Binghamton, New York.

12           2.   Plaintiff, Enjoy the City, Inc., is a New York

13 corporation with its principal place of business in Birmingham,

14 Alabama.

15           3.   Jeff Stranger is an individual and at times

16 alleged in the Complaint, resident of the Eastern District of

17 California, Fresno Division.

18           4.   To the best of Plaintiff's understanding, the

19 businesses known as J.L.S. Enterprises, and Z Best Dining &

20 Entertainment, are fictitious names utilized by Jeff Stranger, an

21 individual.

22           5.   On October 25, 2006, Jeff Stranger entered into a

23 Distributorship Agreement with Enjoy the City North, Inc.,

24 regarding the Fresno, California territory.

25           6.   On June 11, 2007, Jeff Stranger entered into a

26 Distributorship Agreement with Enjoy the City North, Inc.,

27 regarding the Stockton, California, territory.

28           7.   On April 3, 2007, Jeff Stranger entered into a

1   Distributorship Agreement with Enjoy the City North, Inc.,

2   regarding the Sacramento, California territory.

3        B.    Contested Facts.

4             2.    The remaining facts are disputed.

5   VI.  Legal Issues.

6        A.    Uncontested.

7             1.    Jurisdiction exists under 28 U.S.C. § 1331 and the

8   Trademark laws of the United States.   Jurisdiction is also

9   invoked under 28 U.S.C. § 1367.

10            2.    Venue was previously contested and this case was

11  transferred from the Northern District of New York.   Venue is now

12  proper under 28 U.S.C. § 1391.

13       B.    Contested.

14            1.    The Plaintiff contends that the substantive law of

15  the State of New York provides the rule of decision in this case

16  to the extent it governs supplemental and any related claims not

17  covered by Federal law.   Defendants maintain that the substantive

18  law of the State of California governs supplemental claims.

19  VII. Consent to Magistrate Judge Jurisdiction.

20            1.    The parties have not consented to transfer the

21  case to the Magistrate Judge for all purposes, including trial.

22  VIII.      Corporate Identification Statement.

23            1.    Any nongovernmental corporate party to any action in

24  this court shall file a statement identifying all its parent

25  corporations and listing any entity that owns 10% or more of the

26  party's equity securities.   A party shall file the statement with

27  its initial pleading filed in this court and shall supplement the

28  statement within a reasonable time of any change in the

5

1   information.

2   IX.   Discovery Plan and Cut-Off Date.

3        1.   The parties are ordered to complete all non-expert

4   discovery on or before April 30, 2009.

5        2.   The parties are directed to disclose all expert

6   witnesses, in writing, on or before June 30, 2009.  Any rebuttal

7   or supplemental expert disclosures will be made on or before July

8   30, 2009.  The parties will comply with the provisions of Federal

9   Rule of Civil Procedure 26(a)(2) regarding their expert

10  designations.  Local Rule 16-240(a) notwithstanding, the written

11  designation of experts shall be made pursuant to F. R. Civ. P.

12  Rule 26(a)(2), (A) and (B) and shall include all information

13  required thereunder.  Failure to designate experts in compliance

14  with this order may result in the Court excluding the testimony

15  or other evidence offered through such experts that are not

16  disclosed pursuant to this order.

17       3.   The parties are ordered to complete all discovery,

18  including experts, on or before August 31, 2009.

19       4.   The provisions of F. R. Civ. P. 26(b)(4) shall

20  apply to all discovery relating to experts and their opinions.

21  Experts may be fully prepared to be examined on all subjects and

22  opinions included in the designation.  Failure to comply will

23  result in the imposition of sanctions.

24  X.   Pre-Trial Motion Schedule.

25       1.   All Non-Dispositive Pre-Trial Motions, including any

26  discovery motions, will be filed on or before September 15, 2009,

27  and heard on October 16, 2009, at 9:00 a.m. before Magistrate

28  Judge Dennis L. Beck in Courtroom 9.

6

1    2.    In scheduling such motions, the Magistrate

2  Judge may grant applications for an order shortening time

3  pursuant to Local Rule 142(d).   However, if counsel does not

4  obtain an order shortening time, the notice of motion must comply

5  with Local Rule 251.

6    3.    All Dispositive Pre-Trial Motions are to be

7  filed no later than September 30, 2009, and will be heard on

8  November 2, 2009, at 10:00 a.m. before the Honorable Oliver W.

9  Wanger, United States District Judge, in Courtroom 3, 7th Floor.

10 In scheduling such motions, counsel shall comply with Local Rule

11 230.

12 XI.   Pre-Trial Conference Date.

13    1.    December 7, 2009, at 11:00 a.m. in Courtroom 3, 7th

14 Floor, before the Honorable Oliver W. Wanger, United States

15 District Judge.

16    2.    The parties are ordered to file a Joint Pre-

17 Trial Statement pursuant to Local Rule 281(a)(2).

18    3.    Counsel's attention is directed to Rules 281

19 and 282 of the Local Rules of Practice for the Eastern District

20 of California, as to the obligations of counsel in preparing for

21 the pre-trial conference.   The Court will insist upon strict

22 compliance with those rules.

23 XII. Motions - Hard Copy.

24    1.    The parties shall submit one (1) courtesy paper copy to

25 the Court of any motions filed that exceed ten pages and any

26 motions that have exhibits attached.   Exhibits shall be marked

27 with _protruding numbered or lettered tabs_ so that the Court can

28 easily identify such exhibits.

7

1  XIII.  Trial Date.

2       1.    January 20, 2010, at the hour of 9:00 a.m. in Courtroom

3  3, 7th Floor, before the Honorable Oliver W. Wanger, United

4  States District Judge.  Because defense counsel has not appeared,

5  the parties shall discuss amending this schedule to provide for a

6  trial date in late October, 2009.  The Court will accept the

7  stipulation of the parties to revise the schedule accordingly.

8       2.    This is a jury trial.  It is not indicated whether

9  Defendants have demanded a jury trial.

10       3.    Counsels' Estimate Of Trial Time:

11       a.    3-5 days.

12       4.    Counsels' attention is directed to Local Rules

13  of Practice for the Eastern District of California, Rule 285.

14  XIV. Settlement Conference.

15       1.    The parties are directed to contact the Courtroom

16  Deputy for Magistrate Judge Dennis L. Beck if they feel a

17  Settlement Conference would be beneficial in this case.

18       2.    Unless otherwise permitted in advance by the

19  Court, the attorneys who will try the case shall appear at the

20  Settlement Conference with the parties and the person or persons

21  having full authority to negotiate and settle the case on any

22  terms at the conference.

23       3.  Permission for a party [not attorney] to attend

24  by telephone may be granted upon request, by letter, with a copy

25  to the other parties, if the party [not attorney] lives and works

26  outside the Eastern District of California, and attendance in

27  person would constitute a hardship.  If telephone attendance is

28  allowed, the party must be immediately available throughout the

1  conference until excused regardless of time zone differences.

2  Any other special arrangements desired in cases where settlement

3  authority rests with a governing body, shall also be proposed in

4  advance by letter copied to all other parties.

5         4.    Confidential Settlement Conference Statement.

6  At least five (5) days prior to the Settlement Conference the

7  parties shall submit, directly to the Magistrate Judge's

8  chambers, a confidential settlement conference statement.  The

9  statement should not be filed with the Clerk of the Court nor

10 served on any other party.  Each statement shall be clearly

11 marked "confidential" with the date and time of the Settlement

12 Conference indicated prominently thereon.  Counsel are urged to

13 request the return of their statements if settlement is not

14 achieved and if such a request is not made the Court will dispose

15 of the statement.

16         5.    The Confidential Settlement Conference

17 Statement shall include the following:

18              a.    A brief statement of the facts of the

19 case.

20              b.    A brief statement of the claims and

21 defenses, i.e., statutory or other grounds upon which the claims

22 are founded; a forthright evaluation of the parties' likelihood

23 of prevailing on the claims and defenses; and a description of

24 the major issues in dispute.

25              c.    A summary of the proceedings to date.

26              d.    An estimate of the cost and time to be

27 expended for further discovery, pre-trial and trial.

28              e.    The relief sought.

1              f.    The parties' position on settlement,

2  including present demands and offers and a history of past

3  settlement discussions, offers and demands.

4  XV.   Request For Bifurcation, Appointment Of Special Master,

5  Or Other Techniques To Shorten Trial.

6         1.    None.

7  XVI. Related Matters Pending.

8         1.    There is a pending case in the Superior Court of

9  California, County of Fresno, No. 08CECG01589 DSB which involves

10 claims by an individual named John Giannopoulos against Defendant

11 Jeff Stranger, Z Best, business form unknown.  In that case,

12 Giannopoulos asserts Defendant failed to timely deliver certain

13 coupon books to Giannopoulos.  Stranger and Z Best have been

14 served with the complaint and have filed a cross-complaint

15 against Enjoy the City North in the State Court action, which

16 includes claims for indemnification, breach of contract and

17 negligence.  That matter has not been set for trial.

18            2.    Defendants contend that since the filing of that

19 complaint, Giannopoulos has been employed by Enjoy the City

20 North.

21 XVII.    Compliance With Federal Procedure.

22     1.    The Court requires compliance with the Federal

23 Rules of Civil Procedure and the Local Rules of Practice for the

24 Eastern District of California.  To aid the court in the

25 efficient administration of this case, all counsel are directed

26 to familiarize themselves with the Federal Rules of Civil

27 Procedure and the Local Rules of Practice of the Eastern District

28 of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **January 19, 2009**                    **/s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE

11